# ORIGINAL

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-799V
Filed: April 24, 2017
Not for Publication

**FILED**

**APR 24 2017**

OSM
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JESSICA FOUCH, | |
| Petitioner, | |
| v. | Interim attorneys' fees and costs decision; respondent objects to fee award; lack of information to determine reasonable basis |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jessica Fouch, Manhattan Beach, CA, *pro se*.
Jennifer L. Reynaud, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION DENYING INTERIM ATTORNEYS' FEES AND COSTS[1]

On February 6, 2017, petitioner filed a motion for interim attorneys' fees and costs on behalf of her attorney, Ms. Diana L. Stadelnikas. Petitioner requests $39,311.80 in attorneys' fees and $3,810.10 in attorneys' costs, for a total request of $43,121.90. This is petitioner's second request for interim attorneys' fees and costs. On February 22, 2016, the undersigned granted petitioner's first motion for interim attorneys' fees after the withdrawal of petitioner's first attorney, Ms. Jamie Moss.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On February 24, 2017, respondent filed a response to petitioner's motion for interim attorneys' fees. Respondent objects to an award of interim attorneys' fees and costs, arguing that petitioner's claim does not have a reasonable basis. In petitioner's reply filed on February 28, 2017, petitioner's counsel states that although she was planning on withdrawing from the case, petitioner's claim "could still be found to have been brought with good faith and reasonable basis." Pet'r's reply at 3.

The Vaccine Act provides that a special master may award reasonable attorneys' fees and costs if the special master determines that the petition was "brought in good faith and there was a reasonable basis for the claim . . . ." 42 U.S.C. § 300aa-15(e)(1). However, a special master is not bound by an earlier determination that a case had reasonable basis. Reasonable basis can be lost as the case develops. In Perreira, the Federal Circuit upheld a special master's decision awarding attorneys' fees and costs only up until the hearing began. Perreira v. Sec'y of HHS, 33 F.3d 1375, 1377 (Fed. Cir. 1994). The special master found that petitioners should have realized that they did not have reasonable basis to move forward with the case once they reviewed their expert's opinion prior to the hearing and saw the opinion was unsupported by medical literature or studies. Id.

On the same date that petitioner filed her motion for interim attorneys' fees and costs, petitioner's counsel filed a motion to withdraw as petitioner's attorney, which the undersigned granted on April 6, 2017. Petitioner is now *pro se* and being representing by her parents under United States Court of Federal Claims Rule 83.1(a)(3). At the request of petitioner's parents, attorney Clifford Shoemaker participated in the most recent status conference call on April 20, 2017. Mr. Shoemaker explained that he intends to represent petitioner. He will file a motion for substitution of counsel shortly.

At this time, it is premature for the undersigned to decide whether petitioner's case continued to have reasonable basis after her first attorney, Ms. Moss, withdrew. It is possible that petitioner's new attorney, Mr. Shoemaker, may prove that the Tdap vaccine caused petitioner's alleged injuries. However, it is also possible that Mr. Shoemaker will run into the same roadblocks as petitioner's two prior attorneys. The undersigned simply does not have enough information to determine the issue of reasonable basis at this juncture in the case. Therefore, the undersigned **DENIES** petitioner's motion for interim attorneys' fees and costs. She will decide whether petitioner is entitled to an award of interim attorneys' fees and costs for Ms. Stadelnikas' work once the case has developed further and the issue of reasonable basis can be resolved.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

Dated: <u>April 24, 2017</u>

                                                                                                                       Laura D. Millman
                                                                                                                        Special Master