# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 31, 2023



| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| J.F., | * | No. 13-799V |
| | * | Special Master Horner |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

*Renee J. Gentry*, Vaccine Injury Clinic, George Washington Univ. Law School, Washington, D.C., for Petitioner.
*Jennifer L. Reynaud*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 15, 2013, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012),[2] alleging that she suffered anaphylaxis caused by an adverse reaction to her June 18, 2011, Tetanus diphtheria acellular pertussis ("Tdap") vaccination. (ECF No. 1.) Petitioner amended her petition on February 21, 2014, changing the alleged injury from anaphylaxis to "autoimmune/inflammatory syndrome induced by adjuvants ('ASIA') with associated symptoms." (ECF No. 12.) I found that petitioner had failed to present preponderant evidence showing that she suffered any injury caused-in-fact by her June 18, 2011, Tdap vaccination and is not entitled to compensation. On September 9, 2022, Petitioner filed a motion for final attorneys' fees and costs. (ECF. No. 203.) Despite the dismissal, respondent agrees that

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the statutory requirements for an award of attorneys' fees and costs have been met. (ECF No. 212 at 2.)

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Petitioners who are denied compensation for their claims brought under the Vaccine Act may be awarded attorneys' fees and costs "if the Special Master or Court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1); *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1360–61 (Fed. Cir. 2012). Such an award is within the discretion of the Special Master. 42 U.S.C. § 300aa-15(e)(1). I find an award of attorneys' fees and costs is reasonable in this case and respondent does not object.[3]

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348. Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl 1991.) Moreover, Special Masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).

In this case, I have reviewed the billing records and additional documentation submitted with petitioner's motion. Upon my review, the overall amount sought in attorneys' fees and costs is reasonable given the history of this case and the hourly rates and hours billed are reasonable and appropriate, consistent with what has been awarded in prior cases. The requested costs are reasonable and sufficiently documented. I award petitioner attorneys' fees and costs in the requested amount of $133,512.57. This amount includes $105,987.80 in attorney fees (inclusive of both supervisory attorney and student attorney hours) and $27,524.77 in litigation costs, the bulk of which are expert costs.[4]

**Accordingly, I award a total of $133,512.57 as a lump sum in the form of a check payable to petitioner and her counsel, Renee Gentry, Esq.**

---

[3] I note that respondent has challenged the credibility of a report prepared by Dr. Mikovits and Dr. Ruscetti in the context of determining a final fee award. Response at 3 n.3. However, the instant motion does not seek reimbursement for any work performed by Dr. Mikovits or Dr. Ruscetti and so respondent's objection is moot.

[4] The fees motion requests $55,626.86 in attorneys 'costs. However, the provided itemized list along with the invoices submitted only document $27,524.77 in costs. I will therefore construe $27,524.77 as the properly requested amount of attorneys' costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).